AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District **Fifth Circuit/ Southern District of Texas** |
|---|---|

| Name of Movant **Pedro Sanchez Vega** | Prisoner No. **51417-079** | Case No. **1:01CR-00293-001** |
|---|---|---|

| Place of Confinement **F.C.I. Allenwood Medium / P. O. Box 2000 / White Deer, PA 17887-2000** |
|---|

| UNITED STATES OF AMERICA | V. | **Vega Sanchez Pedro** |
|---|---|---|

B-02-211

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

    United States District Court
    Southern District of Texas
    FILED
    NOV 01 2002
    Michael N. Milby
    Clerk of Court

2. Date of judgment of conviction **October 05, 2001**

3. Length of sentence **Fifty-Seven(57) Months**

4. Nature of offense involved (all counts) **Violation of 8 U.S.C. § 1326(a)(b) Alien found in The United States after deportation After having been convicted of an aggravated felony**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   **Guilty Plea    One(1) Count on Indictment**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐ **N/A**

7. Did you testify at the trial?
   Yes ☐    No ☐   **N/A**

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☒

(1)

9. If you did appeal, answer the following:

   (a) Name of court _____**N/A**_____

   (b) Result _____**N/A**_____

   (c) Date of result _____**N/A**_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☐    **N/A**

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____**N/A**_____

        (2) Nature of proceeding _____**N/A**_____

        (3) Grounds raised _____**N/A**_____

        _____
        _____
        _____
        _____
        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐    No ☐    **N/A**

        (5) Result _____**N/A**_____

        (6) Date of result _____**N/A**_____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____**N/A**_____

        (2) Nature of proceeding _____**N/A**_____

        (3) Grounds raised _____**N/A**_____

        _____
        _____
        _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐   **N/A**

(5) Result _____ **N/A** _____

(6) Date of result _____ **N/A** _____

(c) Did you appeal. to an appellate federal court having jurisdiction. the result of action taken on any petition, application or motion?
(1) First petition, etc.   Yes ☐   No ☐   **N/A**
(2) Second petition, etc.   Yes ☐   No ☐   **N/A**

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ **N/A** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary. you may attach pages stating additional grounds and *facts* supporting the same.

Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information. the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: **CONVICTION OBTAINED BY USE OF EVIDENCE GAINED PURSUANT TO AN UNCONSTITUTIONAL SEARCH AND SEIZURE (FOURTH(4TH) AMENDMENT VIOLATION)**

Supporting FACTS (state *briefly* without citing cases or law)
Fourth(4th) Amendment was violated when the Defendant was contacted by his Probation Officer, to report to the Cameron County. Sanchez inquired if he was going to be arrested. Probation Officer responded by saying that he would not be arrested. Sanchez reported as instructed and then he was arrested by the Boarder Patrol Agents, by fraud, trickery and deceit. This was not a boarder arrest, Evidentiary Hearing required.

B. Ground two: **Ineffectiveness Assistance of Counsel**
Sixth(6th) Amendment Based on the facts of this case.

Supporting FACTS (state *briefly* without citing cases or law) Counsel's failure to investigate the illegal arrest by I.N.S. Agents. Also I.N.S. used the Probation Officer by fraud, trickery and deceit to arrest the defendant. Attorney failed Bellow Standards of A.B.A. and failure to object and discuss with client before Sentencing. Over representing criminal history (failure to appear).

C. Ground three: **Violation of due process of the law.**
Fifth(5th) Amendment and Sixth(6th) Amendment

Supporting FACTS (state *briefly* without citing cases or law) Attorney's failure to file a Motion To Suppress and use evidence of prior acts, convictions over fifteen(15) years old. And file to downward departure by using information on some convictions that had been dismissed such. As Probation Violation, Bail Jumping is not an aggravated felony. Convition over fifteen(15) years

old. Defendant was a Juvenile at the time of conviction and was placed on Shock Probation.

D. Ground four: **Violation Constitutional Rights, Fourth(4th), Fifth(5th) and Sixth(6th) Rule 5(a) Fed. R. Crim. P.**

Supporting FACTS (state *briefly* without citing cases or law) Sanchez contends that he was arrested on May 22, 2001 and on May 23, 2001 appeared before Magistrate for a Detention Hearing/ Complaint on June 06, 2001, Sanchez was charged with a one(1) count Grand Jury Indictment and on July 27, 2001, appeared before Magistrate and plead guilty. Plea induced by his Attorney, she never filed a Motion to Dismiss Indictment in violation of Rule F 5 (a).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: An Evidentiary Hearing is required. conviction obtained by violation of the Privlege Against self incrimination. Illegal arrest by I.N.S. Agents, failure to follow a General Procedures at the time of arrest. Unconstitutional Illegal Search and Seizure, unlawful arrest.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a) At preliminary hearing   Sandra Zamoria Zayas of 600 East Harrison Street
       Suite # #102   Brownsville, Texas   78520

   (b) At arraignment and plea  Sandra Zamoria Zayas of 600 East Harrison Street
       Suite # #102   Brownsville, Texas   78520

   (c) At trial   N/A

   (d) At sentencing   Sandra Zamoria Zayas of 600 East Harrison Street
       Suite # #102   Brownsville, Texas   78520

    (e) On appeal _____**N/A**_____

    (f) In any post-conviction proceeding _____**N/A**_____

    (g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐     No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐     No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐     No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_10/28/02_
(Date)

_Pedro Vega Sanchez_
Signature of Movant

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| PEDRO VEGA SANCHEZ ) | |
| ) | |
| VS, ) | Docket No,: 1:01CR00293-d |
| ) | Honorable Filemon B, Vela |
| UNITED STATES OF AMERICA ) | (U, S, D, J,) |

## MEMORANDUM OF LAW IN SUPPORT OF PETITION PURSUANT TO 28 U,S,C, § 2255 TO VACATE, SET - ASIDE OR CORRECT SENTENCE,

### STATEMENT OF FACTS

On May 22, 2001, the Defendant Vega Sanchez was encountered by the United States Border Patrol Agents at the Cameron County Adult Probation Office in Brownsville, Texas, Upon being questioned by Agents, the Defendant admitted he was a citizen and national of Mexico, who was in the United States illegally, The Defendant was arrested by Immigration and Naturalization Service Agents without a warrant for his arrest, On June 6, 2001, the Defendant was indicted of a single-count Indictment filed by a Federal Grand Jury in Brownsville, Texas on July 27, 2001, The Defendant appeared before United States Judge, Filemon B, Vela and entered a guilty

plea to the single-count Indictment, 8 U.S.C. § § 1326(a) and 1326(b).

The Defendant Vega-Sanchez was convicted on September 7, 1984, of possession of Marjuana **(Case No. 83-CR-42-A)**, in Cameron County, Texas and sentenced to five(5) years Shock Probation, on August 15, 1989. The Defendant was arrested by officers from the Texas Department of Public Safety **(Docket No. 1:89-CR-00430-001)**, On November 6, 1995. The Court dismissed the Indictment, in **Docket No. 1:89-CR-00430-001**, on motion of the Government. On April 10, 1990, the Defendant failed to appear for trial in this case in the United States District Court in Brownsville, Texas. As a result, the Defendant was indicted by a Federal Grand Jury in **Docket No. 1:90CR00134**, on April 17, 1990, of Bail Jumping - failure to appear for trial. The Defendant was sentenced to fifteen(15) months of imprisonment, followed by three(3) years probation.

## VIOLATION OF THE FOURTH AMENDMENT

The Defendant, Vega-Sanchez was contacted by his State Probation Officer on May 22, 2001, to report to the Cameron County, Texas Probation department. Mr. Vega-Sanchez inquired if he was going to be arrested, to which the Probation Officer responded, "He would not be arrested." He willing reported as instructed, he was then illegally arrested by Border Patrol Agents without any valid warrant for his arrest. The Border Patrol Agents knew the Defenant's place of residence. Therefore, the Border Patrol Agents used

the States Parole Office and the Parole Officer to arrest the Defendant by fraud, trickery and deceit. An illegal arrest on the database computer, there it was, no warrant or detainer against Mr. Vega-Sanchez. The Border Patrol Agents failure to proceed according to **8 C.F.R. 287.8**

**Standards For Enforcement Activities:**

    **Two(2) General Procedures:**

    **(I)** An arrest shall be made only when the designated Immigration Officer has a reason to believe that the person to be arrested has committed an offense against the United States of America or is an illegal Alien illegally in the United States.

    **(II)** A warrant of arrest shall be obtained whenever possible, prior to arrest.

    **(III)** At the time of arrest, the designated Immigration Officer shall as soon as it is practical and safe to do so.

    **(B)** States that the person is under arrest and the reasons for the arrest.

    **(V)** With respect to a person arrested and charged with a criminal violation of the laws of the United States, the arresting officer shall advise the person of the appropriated rights as required by law at the time of the arrest or as soon thereafter. It is the duty of the Immigration Officer to assure that the warnings are given.

    The Fourth Amendment applies to all seizures of the person involving seizures that involve only a brief detention, short or

Traditional Arrest. <u>David vs. Mississippi</u>, 394 U.S. 721, 22 L. Ed. 2nd 676, 895 S. Ct. 1394 (1969) and <u>Terry vs. Ohio</u>, 392 U.S. 1, 1619, 20 L. Ed. 2nd 894, 88 S. Ct. 1868 (1968) (W)henever a police officer accosts an individual and restrains his freedom to walk away, he has "seized" that person. <u>Terry vs. Ohio</u>, at 16, 20 L. Ed. 2nd 889, 88 S. Ct. 1868 (1968).

In sum, the <u>Janis</u> Analysis - when applied here, compels the conclusion that the deterrent impact of invoking the rule in deportation proceedings will be "Substantial and Effective". <u>Janis</u>, 428 U.S. at 453, 96 S. Ct. at 3032. Not only are the officers seizing the evidence, members of the same agency as those to seeking to use it. They also share a common goal - The Deportation of Aliens in this country illegally. Finally, there are no other applications of the Exclusionary Rule, which effectively deters the offending officers from violating the Fourth(4th) Amendment, if the Exclusionary Rule is the "Strong Medicine," its proponent's claim it to be. <u>Janis</u>, 428, 453, 96, S. Ct. at 3032. Courts routinely prohibit governmental authorities from using illegally seized evidence in the proceedings for which the search was conducted, not only in a criminal proceeding, but also in a variety of civil proceedings. <u>Mapp vs. Ohio</u>, 367 U.S. 643. <u>See</u> <u>Also</u>, <u>Huerta-Cabrera vs. Immigration And Nationalization Service</u>, 466 F. 2nd 759-761, n. 5 (7th Cir. 1972) (Stating that illegal arrest per se does not invalidate deportation proceedings, but that (t)his would not be case of the use of evidence seized during the course of illegal arrest); <u>Yam Sang Kwai vs. Immigration And Nationalization Service</u>,

411 F. 2nd 683, 690 (D.C. Cir. 1969) (Wright J. Dissenting) ((I)n my view, the statement was the fruit of an illegal Arrest and Seizure...... And should not be admitted). Noting that the Doctrine "prohibits the introduction of Derivative evidence, both Tangible and Testimonial. Which is the product of the primary (Illegally obtained evidence). See Also, **Wong Sun vs. United States**, **371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2nd 441.**

### INEFFECTIVENESS OF COUNSEL

The Attorney who represented Vega-Sanchez at the District Court was so Ineffective that the Attorney made no investigation as to how the Defendant was arrested, never filed a Motion For Discovery, Motion To Suppress of the Fruit of an illegal arrest, Counsel never prepared any defense on behalf of the Defendant. Counsel never made any investigations as to how the Defendant was arrested by the Immigration And Nationalization Officers.

A determination as to whether Vega-sanchez was prejudiced under **Strickland** by Counsel's failure to file a Motion For Discovery and a Motion To Suppress the relevant evidence involves an examination of two(2) questions; First, was there meritious Fourth(4th) Amendment claim that necessitated the filing of such Motion? Second, if there was a valid Fourth(4th) Amendment claim that the counsel should have raised in a Motion For Discovery and Motion To Suppress was the evidence that should have been excluded, but for counsel's failure to file the Suppression Motion there is reasonable probability would have been different results?

The factual issue that need to be developed, Ineffective Assistance of Counsel to consider whether Vega-Sanchez's Fourth (4th) Amendment, Fifth(5th) Amendment, Sixth(6th) Amendment and Fourteenth(14) Amendments. Rights to Effective Assistance of Counsel were denied, pursuant to **Strickland** should consider whether counsel was professionally deficient in failing to successfully move to suppress evidence and whether the exclusion of that evidence would have an effect on the out-come of Mr. Vega-Sanchez's case.

1) Counsel was Ineffective for failing to file a Suppression Motion.

2) Mr. Vega-Sanchez had been deprived of a fair opportunity to litigate his Fourth(4th) Amendment claim for his Attorney failed to file the Motions For Discovery and Suppression For The Statement and Illegal Arrest.

3) Counsel's failure to move to suppress evidence that would have been suppressed if objected to can constitute. Deficient performance.

4) The mere fact that the Counsel failed to recognize the factual or legal basis for a claim or failed to raise the claim despite recognized.

5) Attorney's failure to challenge the over-representation of criminal history points and the sixteen(16) level enhancement.

6) Failure to raise the challenge was the product of Ineffective Assistance.

7) Mr. Vega-Sanchez was prejudiced by his lawyer's unreasonable performance as a matter of fact and law.

8) Attorney's failure to file a Motion To Dismiss Indictment on violation of **Rule 5(a) of Fed. Rules Crim. P.**

9) Attorney's failure to object to a conviction over fifteen(15) years. Used by the Government to enhance sentence.

10) Ineffectiveness of Counsel by not objecting to P.S.I. and to discuss with client and to file timely Appeal when Attorney knew it was frivolous issues and errors made by the Government.

11) Ineffectiveness of Counsel deprived the Defendant of timely Appeal never filed an Appeal.

The Defendant ask and prays to this Honorable Court to hear this Motion. The reasons therefore is that the Defendant has no knowledge of law and ask this Honorable Court for an Evidentiary Hearing.

Respectfully Submitted,

*pedro Vega Sanchez*
Mr. Pedro Sanchez-Vega
Reg. No. 51417-079
F.C.I. Allenwood Medium
P. O.Box 2000/Unit-3B
White Deer, PA
      17887-2000

# PROOF OF SERVICE

I certify that on __10/28/02__ (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

> The Honorable Filemon B. Vela
> United States District Judge
> U.S. Federal Building and Courthouse
> 600 East Harrison Street
> Suite # 102
> Brownsville, Texas
>                     78520-7114

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _____ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Pedro Vega Sanchez_
Signature

Dated: __10/28/02__

# PROOF OF SERVICE

I certify that on __10/28/02__ (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

> The Honorable Filemon B. Vela
> United States District Judge
> U.S. Federal Building and Courthouse
> 600 East Harrison Street
> Suite # 102
> Brownsville, Texas
> 78520-7114

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _____ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

__Pedro Llega Sanchez__
Signature

Dated: __10/28/02__