*3*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PEDRO SANCHEZ–VEGA, | § | |
|    Petitioner–Defendant | § | |
| | § | |
| vs. | § | CA B–02–211 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    Respondent–Plaintiff | § | |
|   ( CR B–01–293) | § | |

### GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I.

The Court ordered the Government to respond to Petitioner's, Pedro Sanchez–Vega (hereinafter referred to as Sanchez) 28 U.S.C. §2255 motion filed on November 1, 2002 by December 16, 2002.  The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

On June 6, 2001, Sanchez was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal re–entry into the United States by an alien, in violation Title 8 U.S.C. §§1326(a) & (b) (DOC 1).  He pled guilty to the indictment on July 27, 2001 without a plea agreement (DOC 9).

The probation department scored the instant offense at base offense level 24, and recommended that he receive a three–level downward adjustment for timely acceptance of responsibility under U.S.S.G. §3E1.1(a, b) for a total offense

level score of twenty–one (21)(PSR 20). His criminal history placed him in criminal history category IV (PSR 30). Sanchez did not object to the PSR.

On October 5, 2001, at sentencing, the district court adopted the PSR as written, and sentenced Sanchez to fifty–seven (57) months imprisonment, to be followed by a three–year term of Supervised Release for the instant offense. He was also ordered to pay $100.00 in mandatory costs (DOC 15). The judgment was entered October 12, 2001.

Sanchez did not directly appeal his conviction or sentence. On November 1, 2002, Sanchez filed the instant motion.

III.

The instant pleading is untimely. On April 24, 1996, a one–year period of limitation was placed upon the filing of motions under §2255. The one–year period runs from the date the judgment of conviction becomes final. Sanchez' ability to file such motion expired on October 22, 2002 (one year plus the ten[10] days after his judgment was entered, with the expiration of the period for filing notice of appeal). Sanchez didn't sign his §2255 motion until October 28, 2002.

IV.

The Government denies each and every allegation of fact made by Sanchez except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

2

V.

ALLEGATIONS

Sanchez alleges he suffered an illegal arrest for the instant offense and a resultant unconstitutional "search and seizure". Sanchez argues he was tricked by his state parole officer to report to the parole office, where Border Patrol Officers waited to arrest him for illegal re-entry. Sanchez claims the arrest was without a warrant, and therefore, illegal, making his subsequent admissions regarding his alienage and commission of the instant offense inadmissable.

Sanchez alleges his constitutional rights were violated due to ineffective assistance of counsel:

1. His trial counsel was ineffective in several manners:

a. Failing to investigate his illegal arrest; failing to file motions for discovery and suppression; Failing to file a motion to dismiss the indictment for FED.R.Cr.P. 5(a) violation; failing to object to his sixteen-level enhancement on the basis of his Bond Jumping conviction; failing to object to the PSR's assessment of criminal history points for his Bond Jumping conviction as "over representing his criminal history"; failing to object to the PSR's assessment of criminal history points for convictions over 15 years old; failing to object to the

3

PSR's assessment of criminal history points for conviction while a juvenile offender; failing to discuss PSR with Sanchez; failing to file a motion for downward departure for the use of convictions which had been dismissed; failing to discuss the PSR; and failing "to file timely appeal".

## VI.

## SANCHEZ' BURDEN

Sanchez' first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255and requiring "cause and prejudice" standard). Sanchez must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-232 and n.7 (5th Cir. 1991) (en banc)(constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

4

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* Sanchez ignores his burden of 'cause and prejudice' in his motion. Sanchez does suggest his trial counsel was ineffective in his failure to bring a direct appeal. "Ineffective assistance", if demonstrated, may satisfy the "cause" prong of his burden.

Sanchez inferentially alleges that he suffered "prejudice" as a result of his counsel's errors. However, as discussed later, the factual and legal premises underlying Sanchez' claims are  belied by the record and jurisprudence, thus, precluding any potential prejudice to Sanchez.

5

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Sanchez does not allege he is innocent. He, therefore, fails the "prejudice" prong of his "cause and  prejudice" burden.

A.    INEFFECTIVE ASSISTANCE TO SATISFY THE "CAUSE" PRONG

1.    Legal Principles Governing Ineffective Assistance.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard:    "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 471, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.,* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as

6

of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

In order to succeed on this claim, Sanchez must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for' such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d at 196. Sanchez fails in both regards.

To prevail on his claims, Sanchez must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

7

a.    At the plea stage.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983). "While it need not be errorless, counsel's advice must be within the realm of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Sanchez must demonstrate that, but for counsel's errors, he would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

b.    Sentencing errors

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843–844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Sanchez demonstrates that his counsel provided constitutionally infirm representation, Sanchez must also demonstrate prejudice. Although Sanchez need not demonstrate that, absent the error, his sentence would have

8

been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. United States.* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

c.   Failing to file Notice of Appeal

Should the court determine to entertain Sanchez' loss of appellate rights claim, Sanchez proceeds from the proposition that he directed his attorney to file notice of direct appeal and his attorney failed to do so. His trial attorney, by sworn affidavit, fails to substantiate Sanchez' claim.

d.   Loss of appellate rights

Regarding Sanchez' "loss" of appellate rights, although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context of this claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 89 S.Ct. 1715, 1717 (1969).

Here, the government believes the record will demonstrate Sanchez made a deliberate decision to not appeal prior to the expiration of his ten–day deadline. If the final record reveals that Sanchez did not direct his trial counsel to file notice of appeal, Sanchez' claim fails on this point. If the court concludes Sanchez did direct his trial counsel to file notice of appeal within the time period provided,

Sanchez' right to appeal should be reinstated. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999); *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

B.     SANCHEZ' INEFFECTIVE ASSISTANCE CLAIMS

Sanchez' "ineffective assistance" claims are premised on several unsupported or incorrect claims.

1.     Illegal Arrest; Failing to Investigate; Motion to Suppress; Motion to Dismiss.

Although Sanchez claims he was accosted by Border Patrol at his parole office, the PSR indicates he was arrested "near" the parole office (PSR 4). Assuming Sanchez' factual assertions regarding his instant arrest are accurate; that he was lured to his state parole officer's office, where he was arrested by Border Patrol agents without a warrant; although offensive to Sanchez' sense of "fair play", is not contrary to law or regulation and does not rise to constitutional dimension.

8 U.S.C. §1357 authorizes Border Patrol agents in relevant part:

> "2)  to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 C.F.R. §287.5 further delineates the authority of immigration officers.

(a) Power and authority to interrogate and administer oaths. Any immigration officer as defined in § 103.1(q) of this chapter is hereby authorized and designated to exercise anywhere in or outside the United States the power conferred by:

> (1) Section 287(a)(1) of the Act to interrogate, without warrant, any alien or person believed to be an alien concerning his or her right to be, or to remain, in the United States.

8 CFR § 287.8 delineates the authority of Border Patrol agents to conduct arrests.

b) Interrogation and detention not amounting to arrest.

> (1) Interrogation is questioning designed to elicit specific information. An immigration officer, like any other person, has the right to ask questions of anyone as long as the immigration officer does not restrain the freedom of an individual, not under arrest, to walk away.

> (2) If the immigration officer has a reasonable suspicion, based on specific articulable facts, that the person being questioned is, or is attempting to be, engaged in an offense against the United States or is an alien illegally in the United States, the immigration officer may briefly detain the person for questioning.

> (3) Information obtained from this questioning may provide the basis for a subsequent arrest, which must be effected only by a designated immigration officer, as listed in § 287.5(c).

(c)(1) Authority. Only designated immigration officers are authorized to make an arrest. The list of designated immigration officers varies depending on the type of arrest as listed in § 287.5(c)(1) through (c)(5).

(2) General procedures.

(i) An arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States.

(ii) A warrant of arrest shall be obtained whenever possible prior to the arrest.

(iii) At the time of the arrest, the designated immigration officer shall, as soon as it is practical and safe to do so:

(A) Identify himself or herself as an immigration officer who is authorized to execute an arrest; and

(B) State that the person is under arrest and the reason for the arrest.

(iv) With respect to an alien arrested and administratively charged with being in the United States in violation of law, the arresting officer shall adhere to the procedures set forth in § 287.3 if the arrest is made without a warrant, and to the procedures set forth in § 242.2(c)(2) of this chapter if the arrest is made with a warrant.

(v) With respect to a person arrested and charged with a criminal violation of the laws of the United States, the arresting officer shall advise the person of the appropriated rights as required by law at the time of the arrest, or as soon thereafter as practicable. It is the duty of the immigration officer to assure that the warnings are given in a language the subject understands, and that the subject acknowledges that the warnings are understood. The fact that a person has been advised of his or her

12

> rights shall be documented on appropriate Service forms and made a part of the arrest record.
>
> (vi) Every person arrested and charged with a criminal violation of the laws of the United States shall be brought without unnecessary delay before a United States magistrate judge, a United States district judge or, if necessary, a judicial officer empowered in accordance with 18 U.S.C. 3041 to commit persons charged with such crimes.

Here, it appears Sanchez was encountered by Border Patrol and briefly detained and questioned (PSR 4). During this encounter, Sanchez admitted his illegal status. Sanchez was then arrested. The agent's actions were in compliance with federal regulations and with federal criminal jurisprudence.

Even if the agents acted contrary to their regulations in arresting Sanchez without a warrant, Sanchez cannot demonstrate prejudice. "[T]he internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party. *United States v. Craveiro,* 907 F.2d 260, 264 (5th Cir. 1990); see *United States v. Michaud*, 860 F.2d 495, 497 (1st Cir.1988) (citing cases); *United States v. Busher,* 817 F.2d 1409, 1411 (9th Cir.1987). "The failure of an agency to follow its own regulations is not, however, a *per se* denial of due process unless the regulation is required by the constitution or a statute. *Arzanipour v. Immigration and Naturalization Service*, 866 F.2d 743, 746 (5th Cir. 1989).

13

Although Sanchez claims he was not taken without unreasonable delay to the nearest federal magistrate judge, the record reflects he received his initial appearance before the U.S. Magistrate Judge the day following his arrest.

The Fourth Amendment requires a prompt determination of probable cause following a warrantless arrest. A determination within twenty-four hours of his arrest is clearly prompt. Federal guidelines only require a probable cause determination within forty-eight hours of arrest. Failure to provide such a determination within forty-eight hours shifts the burden to the government to demonstrate a bona fide emergency or extraordinary circumstance justifying the lengthier delay. *United States v. Adekunle*, 2 F.3d 559, 561(5th Cir. 1993). Sanchez' claim his counsel was ineffective for failing to move to dismiss the indictment for violation of FED. R. CRIM. P. 5(a) is without factual or legal basis.

Even if Border Patrol violated the above guidelines, Sanchez cannot demonstrate prejudice. A failure in this regard does not void a subsequent conviction. "Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction. *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865–66 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 [1952]; *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 [1886]). A conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause. Compare *Scarbrough v. Dutton*, 393 F.2d 6 (5th Cir. 1968) with *Brown v. Fauntleroy*, 442

14

F.2d 838, 143 U.S.App.D.C. 116 (D.C. Cir. 1971) and *Cooley v. Stone*, 414 F.2d 1213, 134 U.S.App.D.C. 317 (D.C. Cir. 1969).

As Sanchez fails to demonstrate he suffered an illegal arrest, he fails to demonstrate his counsel was constitutionally ineffective to filing a motion to suppress his admission upon his "illegal arrest" of his illegal alien status.

2.     Motion for Discovery

Contrary to Sanchez' claim, counsel for Sanchez filed a motion for discovery on June 13, 2001(DOC 7).

3.     Bond-Jumping Conviction, Criminal History Score, Over-
        Representing Criminal History

Sanchez argues his counsel was ineffective for failing to object to the use of his bond-jumping conviction and drug trafficking conviction, as aggravated felonies", to enhance his sentence sixteen levels. Sanchez argues that bond-jumping is not an "aggravated felony" under the law. He is mistaken. 8 U.S.C. §1101(A)(43), which defines "aggravated felonies" under this Guideline section states:

> (T) an offense relating to a failure to appear before a
> court pursuant to a court order to answer to or dispose
> of a charge of a felony for which a sentence of 2 years'
> imprisonment or more may be imposed.

Sanchez had been indicted for conspiracy to possess with intent to distribute in excess of 100 kilos of marihuana (approximately 698 pounds of marihuana) and possession with intent to distribute such amount. He was facing a minimum five

years imprisonment and a maximum forty years imprisonment (PSR 23)(21 U.S.C. §841(a)(1) and (b)(1)(B).  Thereafter, he failed to appear for trial. He was then indicted for Bond-Jumping for his failure to appear.  On January 17, 1996, he plead guilty to the bond jumping, for which he received fifteen (15) months imprisonment (not bad).

Regardless, Sanchez had already been convicted of an "aggravated felony", felony possession of marihuana in 1982, when he was eighteen years old, and an adult in both the state and federal system.  Under 8 U.S.C. §1101, Sanchez' drug conviction is classified as an "aggravated felony":

> "(B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)".

Similarly, Sanchez' claim his counsel was ineffective for objecting to his criminal history score, and failing to argue that his criminal history score over-represented the seriousness of his actual criminal past is without basis.  His eight criminal history points landed him in category IV.  Sanchez' criminal career, so far, spans almost twenty years.  It began in 1982, at age 18 with a serious drug trafficking offense.  Demonstrating a commitment to recidivism, he was arrested in March, for felony possession of marihuana (PSR 22, 37).   During the interim, he dedicated himself to drug trafficking, drug use and family violence (PSR 25, 27).  In 1989, he was arrested in connection with 698 pounds of marihuana, for which

he was indicted in federal court. He avoided justice on that charge by fleeing (PSR 23). He only received fifteen (15) months imprisonment for the Bond–Jumping.

Section 4A1.3 of the Guidelines, a policy statement, permits downward departures when "a defendant's criminal history category significantly over–represents the seriousness" of his criminal history. As an example of circumstances in which such a departure might be appropriate, the Sentencing Commission suggests "the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3 (policy statement). Sanchez is clearly an inappropriate candidate for application of §4A1.3. Many of the criminal offenses with which he was charged, and of which he was convicted were of a serious nature. Sanchez exhibited a pattern of criminal activity leading right up to the instant offense. *United States v. Madison*, 990 F.2d 178, 184 (5th Cir. 1993). Sanchez was lucky the district court did not find his criminal score under–representative of his actual criminal history.

Contrary to Sanchez' suggestion, he was not assessed criminal history points for his conviction over 15 years old, nor for convictions occurring while he was a juvenile (PSR).

4.    Notice of Appeal

Sanchez argues his counsel was ineffective for failing to appeal. He does not specifically allege that he directed counsel to file notice of appeal on his behalf.

17

The record affirmatively demonstrates that it was Sanchez' intention not to appeal his conviction or sentence following his sentencing. He was sentenced on October 5, 2001(DOC 15). He filed a "Notice of Non–Appeal" on October 10, 2001 (DOC 16). Under such circumstances, the record affirmatively demonstrating it was Sanchez' decision not to directly appeal his case, Sanchez fails in his burden. This issue may be decided on the record before the court.

A §2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. §2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

VIII.

CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Sanchez' §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to Pedro Sanchez-Vega, # 51417-079, FCI Allenwood Medium, P.O. Box 2000, Unit 3B, White Deer, Pa., 17887-2000 on this the _11_ day of December, 2002.

MARK M. DOWD
Assistant U.S. Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas

OCT 1 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VS | * | CRIMINAL NO. B-01-293-001 |
| | * | |
| PEDRO VEGA-SANCHEZ | * | |

### NOTICE OF NO APPEAL

I, **PEDRO VEGA-SANCHEZ**, defendant in this cause, hereby declare that my

attorney has advised me of my right to appeal all matters relating to the sentencing in this

case at no cost to me. I wish to inform the Court that I do not wish to appeal my sentence.

*√ Pedro Vega Sanchez*
PEDRO VEGA-SANCHEZ

*√ 10/10/01*
DATE

16

Respectfully submitted,

ROLAND E. DAHLIN II
Federal Public Defender
Southern District of Texas
Texas State Bar No. 05314000
Southern District of Texas No. 3198

By
SANDRA ZAMORA ZAYAS
Asst. Federal Public Defender
Attorney in Charge
Texas State Bar No. 22243940
Southern District of Texas No.16752
Attorneys for Defendant
Post Office Box 2163
Brownsville, Texas 78522-2163
Telephone: (956) 548-2573

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2001, a copy of the foregoing Defendant's

Notice of No Appeal of the defendant, PEDRO VEGA-SANCHEZ, was hand-delivered to the U.S.

Attorney's Office.

SANDRA ZAMORA ZAYAS
Asst. Federal Public Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PEDRO SANCHEZ-VEGA,            §
    Petitioner-Defendant      §
                              §
vs.                           §    CA B-02-211
                              §
UNITED STATES OF AMERICA,      §
    Respondent-Plaintiff      §
    ( CR B-01-293)            §

## ORDER

The Court, having considered Sanchez' motion to vacate sentence and the Government's response, concludes that dismissal of the cause is warranted.

First, the motion is untimely. Sanchez' ability to bring a motion under §2255 expired on October 22, 2002. Sanchez didn't complete his motion until October 28, 2002, and didn't file it until November 1, 2002. Under these circumstances, the Court is without jurisdiction to entertain Sanchez' subject motion. Even were the Court to entertain Sanchez' motion, the outcome would be the same.

Sanchez has failed to overcome the jurisdictional burden of demonstrating cause for failure to pursue his claim on direct appeal. Sanchez fails to demonstrate any prejudice as a result of the complained of deficiencies or his actual innocence. Sanchez fails to show his attorney's performance was deficient or that he suffered any prejudice therefrom. Even if the merits were reached, the record refutes the substance of each of his claims.

Therefore, Sanchez' motion should be DISMISSED in its entirety.

DONE on this the _____ day of _____, 2002 at Brownsville, Texas.

                                            _____
                                            JOHN W. BLACK
                                            UNITED STATES MAGISTRATE JUDGE