# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### Brownsville Division

United States District Court
Southern District of Texas
FILED

JAN 1 4 2003

Michael N. Milby
Clerk of Court

Criminal No.: 1: 01-CR-00239-001

Civil No.: CR-B-01-239

*CAB-02-211*

PEDRO SANCHEZ VEGA

Petitioner

VS.

UNITED STATES OF AMERICA

Respondent

PETITIONER'S MEMORANDUM OF LAW IN REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION UNDER 28 U.S.C. §2255

DATED: _01/09/03_

PEDRO SANCHEZ VEGA
REG. NO. 51417-079
F.C.I. ALLENWOOD MEDIUM
P. O. BOX 2000/UNIT-3B
WHITE DEER, PA
                17887-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

PEDRO SANCHEZ VEGA,                    :
    Petitioner-Defendant,          :
                                   :   C͟i͟vil
                                   :
    VS.                            :   ~~Criminal~~ Action No.: B-02-211
                                   :
UNITED STATES OF AMERICA,              :
    Respondent-Plaintiff.          :
                                   :

## PETITIONER'S REPLY TO GOVERNMENT'S
## RESPONSE TO PETITION PURSUANT TO §2255

    Initially in Petitioner's Motion Section § 2255, he requested an Evidentiary Hearing so that the matter for his request for a conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, illegal arrest made by I.N.S. officers in violation of constitutional rights of the Fourth(4th) Amendment, Ineffectiveness of Counsel failure to investigate the illegal arrest by I.N.S. officers in violation of the Fourth(4th) Amendment, and standards for enforcement activities **8 C.F.R. 287.8.** Counsel at District Court defaulted Petitioner's Fourth(4th) Amendment and Fifth (5th) Constitutional Amendment of due process of the law, statements made by Petitioner to I.N.S. officials, incriminating statements and illegal arrest should be suppressed, failing to move to suppress and

raise the claim had rendered deficient representation relative
to the reasons above.

In order to prevail on Ineffective Assistance of Counsel Claim,
a Defendant must first show that his Counsel's performance was
deficient and then must show that the deficiency caused actual preju-
dice to defense.  See, **Strcikland vs. Washington,** 466 U.S. 668, 104
S. Ct. 2052, 80 L. Ed. 2nd 674 (1984), the deficiency prong is estab-
lished by showing that the Attorney's conduct fell "outside the wide
range of professionally competent Assistance." **Id. at 690, 104 S. Ct.
2052.**  The prejudice prong is established by showing that there is
a "Reasonable Probability" that, but for the deficiency, "The result
of the proceeding would have been different." **Id. at 694, 104 S. Ct.
2052.**  This two(2)-Prong Test applies to the evaluation of Trial Coun-
sel.  See, **Mayo vs. Henderson,** 13 F. 3rd 528, 533 (2nd Cir. 1994);
**Claudio vs. Scully,** 982 F. 2nd 788, 803 (2nd Cir. 1992); **Abdurrahman
vs. Henderson,** 897 F. 2nd 71, 74 (2nd Cir. 1990).  See Also, **Clark vs.
Stinson,** 214 F. 3rd 315 (2nd Cir. 2000).


## VIOLATION OF THE FOURTH AMENDMENT

The Petitioner was contacted by his State Probation Officer on
May 22, 2001, to report to the Cameron County, Texas Probation Depart-
ment, Petitioner inquired if he was going to be arrested, to which the
Probation Officer responded, "He would not be arrested." Petitioner
willing reported as instructed, he was then illegally arrested by the
Border Patrol Agents without any valid warrant for his arrest, therefore,

the Border Patrol Agents used the State Probation Officer to arrest the Petitioner by fraud, trickery and deceit, the Border Patrol Agents violated their own rules and regulations to proceed with the regulations of **8. C.F.R. 278.8** and the Fourth(4th), Fifth(5th) and Fourteenth(14th) Constitutional Amendments.

### Standards For Enforcement Activities

### Two(2) General Procedures

**(I)** An arrest shall be made only when the designated Immigration Officer has a reason to believe that the person to be arrested has committed an offense against the United States of America or is an Illegal Alien illegally in the United States.

**(II)** A warrant for arrest shall be obtained when ever possible, prior to arrest.

**(III)** At the time of arrest, the designated Immigration Officer shall as soon as it is practical and safe to do so.

**(IV)** States that the person is under arrest and the reasons for the arrest.

**(V)** With respect to a person arrested and charged with a criminal violation of the laws of the United States, the Arresting Officer shall advise the person of the appropriated rights as required by law at the time of the arrest or as soon thereafter, it is the duty of the Immigration Officer to assure that the warnings are given.

The Fourth(4th) Amendment applies to all seizures of the person involving seizures that involve only a brief detention, short or traditional arrest. **David vs. Mississippi**, 394 U.S. 721, 22 L. **Ed. 2nd 676, 895 S. Ct. 1394 (1969); Terry vs. Ohio**, 392 U.S. 1, **1619, 20 L. Ed. 2nd 894, 88 S. Ct. 1868 (1968).** (Whenever a police officer accosts an individual and restrains his freedom to walk away, he has "seized" that person. **Terry vs. Ohio, at 16, 20 L. Ed. 2nd 889 88 S. Ct. 1868 (1968).** The Border Patrol conducts three(3) types of surveillance along inland roadways. All in the asserted interest of detecting the Illegal Aleins. Permanent check points are maintained at certain nodal intersections; temporary checkpoints are established from time to time at various places; and finally they are roving patrols. In all of this operations, it is argued, the agents are acting within the constitution.

> The only asserted justification for this extravagant license to search, is **§ 287(a)** of the Immigration and Naturalization Act, **66 Stat. 233, 8 U.S.C. § 1357(a) 8 U.S.C.S. § 1357(a)**, which simply provides for warrantless searches of automobiles and other conveyances, "within a resonable distance from any external boundry of the United States as authorized by regulations to be promulgated by the Attorney General. The Attorney General's regulation **8 C.F.R. § 287.1** defines "reasonable distance" as "within 100 air miles from any external boundry of the United States."

The arrest made by the Border Patrol Agents of Petitioner was

not an Border arrest.  The arrest in the present case was conducted

in the unfettered discretion of the members of the Border Patrol,

who did not have a warrant or valid warrant for Petitioner's arrest.

The arrest thus embodied precisely the evil.  The Court saw in

**Camara** when it insisted that the "discretion of the official in the

field" be circumscribed by obtaining a warrant prior to the inspection.

**Camara**, Supra at 532-33, 18 L. Ed. 2nd 930.  As **Mr. Justice White**

wrote for the Court in **Chambers vs. Maroney**, 399 U.S. 42, 51, 26 L.

**Ed. 2nd 419, 90 S. Ct. (1975):**

> "In enforcing the Fourth(4th) Amendment
> prohibition against unreasonable searches
> and seizures, the Court has insisted
> upon probable cause as a minimum require-
> ment for a reasonable search and seizure
> permitted by the constitution."

The Government's argument to sustain the arrest here is simply

that it was reasonable under the circumstances, but it is by now

axiomatic that the Fourth(4th) Amendment's procription of "unreason-

able searches and seizures" is to be read in conjunction with its

command.  In sum, the **Janis** analysis - when applied here, compels the

conclusion that deterrent impact of invoking  the rule in deportation

proceedings will be "substantial and effective," **Janis**, 428 U.S. at

453, 96 S. Ct. at 3032.  Not only are the officers seizing the evidence,

members of the same agency as those to seeking to use it.  They also

share a common goal, the deportation of Aliens in  this country

illegally.  Finally, they are no other applications of the Exclusionary

Rule which effectively deters the offending officers from violating

the Fourth(4th) Amendment if the "Exclusionary Rule" is the "strong

medicine," its propondent's claim to be **Janis**, 428, 453, 96 S. Ct. at 3032. Courts routinely prohibit Governmental authorities from using illegally seized evidence in the proceedings, for which the search/arrest was conducted, not only in a criminal proceeding but also in a variety of civil proceeding. **Mapp vs. Ohio**, 376 U.S. 643. See Also, **Huerta-Cabrera vs. Immigration And Naturalization Service**, 466 F. 2nd 759-761 n. 5 (7th Cir. 1972) (Stating that illegal arrest per se does not invalidate deportation proceedings, but that (t)his would not be the case of the use of evidence seized during the course of illegal arrest. **Yam Sang Kwai vs. Immigration And Naturalization Service**, 411 F. 2nd 683, 690 (D.C. Cir. 1969) (Wright S. Dissenting).

> "((I)n my view, the statement was the fruit of an illegal arrest and seizure.... and should not be admitted) noting that the doctrine prohibits the introduction of derivative evidence, both tangible and testimonial, which is the product of the primary (illegally obtained evidence).

See Also, **Wong Sun vs. United States**, 371 U.S. 471 83 S. Ct. 407, 9 L. Ed. 2nd 441. The Fourth(4th) Amendment guarantees that the "Right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated...." In the contest of this case, the Amendment protects a person's interest in freedom of movement and seeks to ensure that Petitioner will not be a subject to random and arbitrary seizure. See, e.g., **Delaware vs. Prouse**, 440 U.S. 648, 657, 99 S. Ct. 1391, 59 L. Ed. 2nd 660 (1979). At Issue whether the Border Patrol Agents

arresting Petitioner at the Probation Department at Cameron County, Texas.  Probation Department resulted in Petitioner being seized and arrested in violation of the Fourth(4th) Amendment.  The question thus, become whether the arrest and seizure was reasonable.

> "(The Fourth(4th) Amendment requires
> that that the seizure be reasonable).
> The reasonableness of seizures that are
> less intrusive than a traditional arrest
> depends on a balance between the public
> interest and the individual's right to
> personal security, free from arbitrary
> interference by law officers." **Brown
> vs. Texas**, 443 U.S. 47, 50, 99 S. Ct.
> 2637, 61 L. Ed. 2nd 357 (1979).

Unreasonable unless it has been authorized by a valid warrant, **Camara vs. Miniciple Court**, Supra at 528, 529, 18 L. Ed. 2nd 930.  I expressed the view last term that the warrant clause reflects an important policy determination.

> "The Fourth(4th) Amendment does not
> comtemplate the executive officers
> of Government as neutral and desin-
> terested magistrats, their duty and
> responsibility is to enforce the laws,
> to investigate and to prosecute, but
> those charged with this investigation
> and prosecutorial duty should not be
> the sole judges of when to utilize
> constitutionally sensitive means in
> pursuing their task." **United States
> vs. United States District Court**,
> 407 U.S. 297, 317, 32 L. Ed. 2nd 752,
> 92 S. Ct. 2125 (1972).

Although, the Supreme Court has emphasized that deterrent impact of application of the Exclusionary Rule inquiry, in deciding whether to invoke it.  See, **Janis** 428 U.S. at 446, 96 S. Ct. at 3028.  The idea that application of the Rule is also demanded by the "Imperative

of Judicial Integrety" is tenacious; **Elkins vs. United States**, 364 U.S. 206, 222, 80 S. Ct. 1437, 1446-47, 4 L. Ed. 2nd 1669 (1960); Rule applies in Federal Criminal Proceedings, despite the fact that the officials were responsible for the Fourth(4th) Amendment violation. **Brown vs. Illinois**, 422 U. S. 590, 599, 95 S. Ct. 2254, 2259, 45 L. Ed. 2nd 418 (1975).

> "Application of the Exclusionary Rule... Protects Fourth(4th) Amendment guarantees in two(2) respects, in terms of deterring lawless conduct by Federal officers and by closing the doors of the Federal Courts to any use of evidence unconstitutionally obtained...." This consideration of deterrence and of Judicial Integrety, by now has become rather common-place. In the Court's cases, **Wong Sun vs. United States**, 371 U.S. 471, 486, 83 S. Ct. 407, 416, 9 L. Ed. 2nd 441 (1963); See Also, **United States vs. Calandra**, 414 U.S. 338, 357, 94 S. Ct. 613, 624, 38 L. Ed. 2nd 561 (1974) (Brennan J. Dissenting) the Exclusionary Rule, if not perfect, accomplished the twin goals of enabling the judiciary to avoid the taint of partnership in officials lawlessness and assuring the people that all potential victims of unlawful Government misconduct.... That the Government would not profit from its lawless behavior."

## VIOLATION OF FIFTH(5th), FOURTEENTH (14th) CONSTITUTIONAL AMENDMENTS

The cases extending Fifth(5th) Amendment protection to Aliens are full consistent with our general jurisprudence granting significant

-8-

constitutional protections to Aliens within the territory of the United States. The Supreme Court has held that the Equal Protection Clause applies to Aliens. **Yic Wo. vs. Hopekins**, 118 U.S. 356, 369, 6 S. Ct. 1064, 30 L. Ed. 220 (1886). The Fourth(4th) Amendment applies to Aliens (within U.S. Territory). **Almeida Sanchez vs. United States**, 413 U.S. 226, 274, 93 S. Ct. 2535, 37 L. Ed. 2nd 596 (1973); numerous cases establish that once an Alien has "entered" U.S. Territory, legally or illegally, he or she has constitutional rights. See, e.g., **Mathews vs. Diaz**, 426 U.S. 67, 77, 96 S. Ct. 1883, 48 L. Ed. 2nd 478 (1976) (stating that they are literally millions of Aliens within the jurisdiction of the United States. The Fifth(5th) Amendment, as well as the Fourteenth(14th) Amendment protects every one of this persons from deprivation of life, liberty or property without due process of law, even one whose presence in this country unlawful, involuntary, or transitory, is entitled to that constitutional protection." **Leng May Ma vs. Barber**, 357 U.S. 185, 187, 78 S. Ct. 1072, 2 L. Ed. 2nd 1246 (1958). In **United States vs. Armstrong**, the Supreme Court held that, "A Seletive-Prosecution Claim is not a defense on its merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbiden by the constitution."

> "A prosecutor's discretion is 'Subject to constitutional constraints,' one of these constraints imposed by Due Process Clause of the Fifth (5th) Amendment of the constitution and the Equal Protection Clause with a mind so unequal and oppressive that the system of protection amounts to 'A

> Practical Denial' of Equal
> Protection of the Fifth(5th)
> Amendment, and the Equal
> Protection component of the
> Due Process Clause of the
> Fifth(5th) Amendment.

Id. at 464-65, 116 S. Ct. 1480; See Also, **Gardenhire vs. Shubert**, 205 F. 3rd 303, 319 (6th Cir. 2000). Government invasions of fundamental liberty interests are subject to strict scrutiny review. The deprivation of a fundamental liberty interest will comport with due process only if it is narrowly tailored to service a compelling Government interest, **Reno vs. Flores**, 507 U.S. 292, 301-02, 113 S. Ct. 1439, 1447, 123 L. Ed. 2nd 1, 16 (1993) (O'Connor, J. concurring).

> "This requires the Court to consider
> the constitutionality of the deten-
> tion in light of its purpose and to
> ask whether the detention is based
> upon "Permissible" regulatory goals
> of the Government and if it is.
> Whether the detention is excessive
> in relation of those goals. **United
> States vs. Salermo**, 481 U.S. 731,
> 747, 107 S. Ct. 2095, 2101, 95 L. Ed.
> 2nd 697, 708 (1987).

The Legislative and Executive branches posses "Plenary Power" over Immigration And Naturalization. **Flores**, 507 U.S. at 305-06, 113 S. Ct. at 1439, 123 L. Ed. 2nd at 19, and the Judicial Branch generally defers to the Legislative and Executive Branches on subtantive Immigration matters. **I.N.S. vs. Aguirre-Aguirre**, 526 U.S. 415. _____, 119 S. Ct. 1439, 1445, 143 L. Ed. 2nd 590, 601 (199). However, detention threatens the deprivation of a fundamental liberty

Interest and clearly triggers "Heightened, Substantive Due Process Scrutiny," not a judicial deference **Flores**, **507 U.S. at 316, 113 S. Ct. at 1454, 1455, 123 L. Ed. 2nd 1.**

The Fifth(5th) Amendment to the Constitution restricts the Government from depriving all persons of the right to life, liberty, or property without due process of law. See, **United States Constitutional Amendment V**

> "The Supreme Court has consistently held that Aliens physically present in this country are not wholly without constitutional protection. Indeed, the Supreme Court has accorded Aliens a panoply of Fifth(5th), Sixth(6th) and Fouteenth(14th) Amendment rights. Should an excludable Alien be accused of committing a crime, he would be entitled to the constitutional protections of Fifth(5th) and Sixth(6th) Amendments." See, **Wong Wing vs. United States**, 163 U.S. 228, 238, 16 S. Ct. 977, 41 L. Ed. 140 (1896).

It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by the [Fifth(5th) and Sixth(6th)] Amendments nor be deprived of life, liberty, or property without due process of law. As the Supreme Court has evaluated whether to extend entitlements or rights to Aliens in addition to those protected by the Fifth(5th) and Fourteenth(14th) Amendments. The Supreme Court announced that the Fourteenth(14th) Amendment's protection extend to Aliens as well:

> "The Fourteenth (14th) Amendment
> to the constitution is not con-
> fined to the protection of
> citizens.  It says: 'nor shall
> any state deprive any person of
> life, liberty, or property with-
> out due process of law; nor deny
> to any person within its juris-
> diction the Equal Protections of
> the laws.' These provisions are
> universal in their application
> to all persons within the terri-
> torial jurisdiction, without
> regard to any differences of Race,
> Color, or nationality; and the
> Equal Protection of the laws is a
> pledge of the protection of equal
> laws.  **Yick Wo vs. Hopkins**, 118
> **U.S. 356, 369, 6 S. Ct. 1064, 30**
> **L. Ed. 220 (1886).**

The Due Process Clause is comprised of components, one Substantive and other Procedural, Substantial Due Process precludes "The Government from engaging in conduct that 'shock the conscience' or interferes with rights implicit in the concept protected by the Due Process Clause from arbitrary Governmental action."  Governmental conduct that "shock the conscience" in violation of the Fifth(5th) Amendment, Petitioner substantive Due Process rights were violated.

## WHETHER PETITIONER RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL

The foremost standard by which Ineffective Assistance of Counsel claims are to be evaluated was promulgated by the United States Supreme Court in **Strickland vs. Washington** **466 U.S. 668, 104 S. ct. 2052, 80 L. Ed. 2d. 674 (1984)**, where in the court held as follows.

> "In giving meaning to the [Const-
> itutional) requirement [of effect-
> ive assistance of counsel].... we
> must take its purpose... to ensure
> a fair trial.... as the guide the
> benchmark for judging any claim of
> ineffectiveness of counsel must be
> whether counsel's conduct so under-
> mined the proper functioning of the
> adversarial process that the trial.
> ... cannot be relied on as having
> produced result."

> "A convicted Defendant's claim that
> counsel's assistance was so defect-
> ive as to require reversal of a con-
> viction has two (2) components, first,
> the Defendant must show that the
> counsel's performance was deficient.
> This requires showing that counsel
> made errors so serious that counsel
> was not functioning as the "counsel"
> guaranteed the Defendant by the
> Six(6th) Amendment.  Second, the Def-
> endant must show that the deficient
> performance prejudiced the defense.
> This requires showing that the counsel
> errors were so serious as to deprive
> the Defendant of a fair trial, a trial
> whose result is reliable, unless a
> Defendant makes both showings, it can-
> not be said that the conviction resul-
> ted from a breakdown in the adversary
> process that renders the result unrelia-
> ble".  **466 U.S. at 686-87, 104 S. ct.-
> at 2064.**

**Strickland** does not require a certainty or even a preponderance of the advance that the outcome would have been different had defense counsle rendered effective assistance of counsel; it requires only a "reasonable probability" that that is the case Id. at. 466. U.S. at 693, 94, 104. S. Ct. at. 2067-68, See also,- **Hill vs. Lockhart**, 474 U.S. at 57, 106. S. Ct. at. 369-70.

In **Strickland's** companion case, **United States vs. Cronic** the court emphasized the importance of the adversarial process.

> "The right to effective assistance
> of counsel is thus the right of the
> accused to require the prosecution's
> case to survive the crucible of mean-
> ingful adversarial testing. When a
> true adversarial criminal trial has
> been conducted.... even if defense
> counsel may have made demostrable
> errors.... the kind of testing en-
> visioned by the Sixth(6th) Amendment
> has occurred but if the process loses
> characted as a confrontation between
> adversaries, the Constitutional guar-
> antee is violated.... "while a crim-
> inal trial is not a game in which the
> participants are expected to enter the
> ring with a near match in skills,
> neither is it a sacrifice of unarmed
> prisoners to gladiators." 466 U.S.-
> at. 656-57, 104. S. Ct. 2045, 46
> (citations omitted) (footnotes omitted).

**Cronic** represents a narrow exception to the general rule that a habeas petitioner who claims Ineffective Assistance of Counsel must demonstrate by errors in counsel's performance. The exemption applies in two (2) circumstances only. The first occurs when an accused is denied counsel totally or at a criti-cal stage of the trial.

<u>Cronic</u> 466. U.S. at. 659 & N. 25, 104. S. Ct. at. 2047 & N. 25.
Complete denial of counsel is not applicable here.  However,
"If counsel entirely fails to subject the prosecutor's case
to meaningful adversarial testing, then there has been a denial
of Sixth(6th) Amendment Rights that makes the adversary process
itself presumptevely unreliable." <u>Cronic</u> 466. U.S. at. 659,-
104. S. Ct. at. 2047.  "Apart from the circumstances of that
magnitude, however, there is generally no basis for finding a
Sixth(6th) Amendment violation unless the accused can show how
specific errors of counsel undermined the reliability of the
finding of guilt.  <u>Cronic</u> 466. U.S. at. 659, N. 26. 104. S. Ct.-
at. 2047, N. 26.

## WHETHER COUNSEL RENDERED INEFFECTIVE ASSISTANCE

Petitioner claims that his counsel at District Court was
deficient in the following ways; (1) by defaulting Petitioner's
Fourth(4th) Amendment; (2) counsel's failure to investigate the
illegal arrest by INS Agents; (3) by trickery and deceit of I.N.S.-
Agents using the Probation Officer to arrest Petitioner at the
Probation Department Building; (4) I.N.S. Agents violated their
own regulation by making arrest without warrant according to
8 C.F.R. 287. 8., <u>Standards for Enforcement Activities</u>; two (2) (II)
<u>A warrant for arrest shall be obtained</u> whenever possible, prior
to arrest; (5) violation of the Fifth(5th) Amendment Due Process
of the law; (6) failure to conduct meaningful Pre-trial litigation
and lack of preparation; A Petitioner can obtain relief from
Ineffective Assistance of Counsel if Petitioner was prejudiced by

serious deficiencies in Counsel's performance. See, **Strickland vs. Washington**, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2nd 674 (1984). "In some cases," moreover, the Supreme Court has held that "the performance of Counsel may be so inadequate that, in effect, no assistance of Counsel is provided." **United States vs. Cronic**, 466 U.S. 648, 654 & n. 11, 104 S. Ct. 2039, 2044 & n. 11 80 L. Ed. 2nd 657 (1984). See Also, **Penson vs. Ohio**, U.S. 75, _____, 109 S. Ct. 346, 353-54, 102 L. Ed. 2nd 300 (1988). Whereas the Ineffective Assistance of Counsel analysis under **Strick-land** focuses on Counsel's actual performance at Trial, **Strickland**, 466 U.S. 686-87, 104 S. Ct. at 2064. The analysis under **Cronic** looks to "The circumstances surrounding [Counsel's Representation,]" **Cronic**, 466 U.S. at 658, 104 S. Ct. at 2046.

> "Petitioner was denied Effective Assistance of Counsel guaranteed by the Sixth(6th) Amendment by Counsel's failure to litigate Petitioner's Fourth(4th) Amendment Claim when there was a reasonable probability that the fact that Petitioner was found in the United States after having been previously deported would have been suppressed because of the Fourth(4th) Amendment violation.

Because Petitioner's Fourth(4th) Amendment Claim was procedurally defaulted by his Attorney in the District Court by Counsel's failure to file a timely Motion For Discovery and Motion To Suppress, Petitioner was denied effective representation.

Although, it is frequently invoked in Criminal Trials, the Fourth(4th) Amendment is not a Trial right; the protections it affords against Government intrusions into one's home and affairs pertain to all citizens, the gravamen of a Fourth(4th) Amendment claim is that the complainant's legitimate expectation of privacy has been violated by an illegal search and/or seizure. See, e.g., **Katz vs. United States**, 389 U.S. 349, 19 L. Ed. 2nd 576, 88 S. Ct. 507 (1967), in order to prevail the complainant need to prove only that the search or seizure was illegal and that it violated his reasonable expectation of privacy in the item or place at issue. See, e.g., **Rowlings vs. Kentucky**, 448 U.S. 98, 104, 6 L. Ed. 2nd 633, 100 S. Ct. 2556 (1986). A layman will ordinarily be unable to recognize Counsel's errors and evaluate Counsel's professional performance. See, **Powell vs. Alabama**, 287 U.S. at 69, 77 L. Ed. 158, 53 S. Ct. 55. Consequently, a criminal Defendant will rarely know he has been represented competently, until after Trial or on Appeal, usually when he consults another lawyer about his case. Indeed, an accused will often not realize that he has a meritorious Ineffective claim until he begins review proceedings. The Sixth(6th) Amendment mandates that the state bear the risk of constitutionally deficient assistance of Counsel. The right to Counsel prevents the states from conducting trial at which persons who face incarceration must defend themselves without adequate legal asistance. See, **Evitts vs. lucey**, 469 U.S. at 396, 83 L. Ed. 2nd 821. The layman Petitioner "requires the guiding hand of Counsel at every step in the proceedings against him. **Powell**, 287 U.S. at 69, 77 L. Ed. 2nd 158, 53 S. Ct. 55.

-17-

The Court in **Powell** noted;

> "If charged with a crime, he is
> incapable generally of determ-
> ing for himself whether the
> indictment is good or bad. He
> is unfamiliar with the rules of
> evidence; and left without the
> aid of Counsel, he may be put
> on trial without proper charge
> and convicted upon incompetent
> evidence or evidence irrelevant
> to the issue or otherwise inad-
> missible. He lacks both the
> skills and the knowledge
> adequately to prepare his de-
> fense even though he have a
> perfect one." **Ibid.**

When Sixth(6th) Amendment Claims are based principally on Defense Counsel's incompetent handling of Fourth(4th) Amendment issues, the reasonableness of Counsel's performance is to be evaluated from Counsel's perspective at the time of the alleged error and in the light of all the circumstances and the standard of review is highly deferential.   See, **Strickland, 466 U.S. at 689, 80 L. Ed. 2nd 674, 104 S. Ct. 2052.**   Whenever Counsel's primary error is failure to make a meritorious objection to the admission of reliable evidence, the exclusion of which might have effected the outcome of the  proceedings.  The scope of the right to Effective Assistance of Counsel is altered in this matter simply because the right is asserted when Sixth(6th) Amendment Claims are based princi-pally on Defense Counsel's incompetent handling of Fourth(4th) Amendment issues.   There is strong presumption that Counsel's performance falls within the "wide range of professional assistance." See, **Strickland, 466 U.S. at 689, 80 L. Ed. 2nd 674, 104 S. Ct. 2052.**

The Petitioner bears the burden of providing that Counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not a sound strategy. **Strickland**, **466 U.S. at 688-89.** The Petitioner may show that he was prejudiced by his Attorney's ineffectiveness by demonstrating that "there is a reasonable probability that, but for Counsel's unprofessional erors, the result of the proceeding would have been different." **Strickland**, **466 U.S. at 694, 695.** It is well to recall the words of Mr. Jackson, soon after his return from the Nurember Trials:

> "These Fourth(4th) Amendment rights
> are not mere second-class rights
> but belong in the catalog of indis-
> pensable freedoms among deprivations
> of rights, none is so effective in
> cowing a population, crushing the
> spirit of the individual and putting
> terror in every heart as uncontrolled
> search and seizure, it is one of the
> first  and most effective weapons in
> the arsenal of every arbitrary Govern-
> ment." **United States vs. Brinegar**,
> **388 U.S. 160, 180, 93 L. Ed. 1879, 69**
> **S. Ct. 1302.** (Jackson, J. Dissenting)

Attorney's performance was also unprofessional because he failed to investigate whether the arrest made by I.N.S. Agents was valid without a valid warrant for Petitioner's arrest. Counsel's representation of Petitioner in the District Court fell below the standards of the American Bar Association. As is obvious, **Strickland's** standards although by no means insurmountable, is highly demanding more importantly, it differs significantly from the elements of proof applicable to a straightforward Fourth(4th) Amendment Claim. where a Petitioner challenges his convcition, he must show that there exists a "reasonable

proballity" that absent the errors, the factfinder would have had
a reasonable doubt respecting Petitioner's illegal arrest by I.N.S.
Agents in violation of their own  regulations and the illegal arrest
and the factfinder would have questioned the further actions of the
I.N.S. Officers  by using the Probation Officer.  The Fourth(4th)
Amendment was violated when the Petitioner was contacted by his
Probation Officer to report to the Cameron County.  Petitioner inquired
if he was going to be arrested, Probation Officer responded that he
would not be arrested, Petitioner reported as instructed and then
he was arrested by the Border Patrol Agents by fraud, trickery and
deceit.

Although a meritorious Fourth(4th) Amendment issue is necessary
to the success of a Sixth(6th) Amendment Claim like Petitioner's.
A good Fourth(4th) Amendment Claim alone will not earn relief: only
those  who can prove under **Strickland** that they have been denied fair
and professional representation in the District Court or Lower Court,
by the gross incompetence of their Attorneys.  First, it is virtually
inconceivable that an  Attorney would deliberately invite the judg-
ment that his performance was constitutionally deficient.  It should
be remember that the incompetently litigated and defaulted Fourth(4th)
Amendment Claim that possibly could lead to a reversal of Petitioner's
conviction on Sixth(6th) Amendment grounds are potentially outcome -
determinative claims.  No reasonable lawyer would forego competent
litigation of meritorious, decisive claims.  Furthermore, when an
Attorney chooses to default a Fourth(4th) Amendment Claim.  He also
loses the opportunity to obtain Direct Review under  the harmless error

-20-

standard of **Chapman**, 18 L. Ed. 2nd 705, 87 S. Ct. 824.

## WHETHER COUNSEL'S PERFORMANCE WAS DEFICIENT

The First prong of the **Strickland** standard requires that the Petitioner shows that his Counsel's alleged errors fell outside the scope of professionally competent assistance.    The **Strickland** Court Stated:

> "The proper measure of Attorney performance remain simply reason-ableness under prevailing profes-sional norms, representation of a criminal Defendant and hence Counsel owes the client a duty of loyalty a duty to avoid con-flicts of interest, from Counsel's function as assistant to the Defendant - Deprive the overarch-ing duty to advocate the defendant's cause and the more particular duties to consult with the Defendant on important decisions and keep the Defendant informed of important developements in the course of the prosecution.  Counsel also has a duty to bring to bear such skill and knowledge as will render the Trial a reliable adversarial test-ing process.  These duties neither exhaustively define the obligations of Counsel nor form of check list for judicial evaluation of Attorney performance.  **In any case presenting an Ineffectiveness Claim, the per-formance inquiry must be whether Counsel's assistance was reasonable considering all the circumstances..** ...  Indeed, the existence of detail-ed guidelines for representation could detract Counsel from over-riding mission of vigorous advocacy of the Defendant's cause.  Moreover,

the purpose of the Effective Assist-
ance of Counsel guarantee of the
Sixth(6th) Amendment is not to
impose the quality of legal repre-
sentation, although that is a goal
of considerable importance to the
legal system.  **The purpose is simply
to ensure that criminal Defendants
receive a fair Trial."**

"Thus, a Court deciding an actual
Ineffectiveness Claim must judge
the reasonableness of Counsel's
challenged conduct on the facts
of the particular case, viewed as
of the time Counsel's conduct.  A
convicted Defendant making *a* claim
of Ineffective Assistance must
identify the acts or omissions of
Counsel that are alleged not to
*have been the result of reasonable*
professional judgment.  The Court
must then determine whether, in
light of all the circumstances, the
identified acts or omissions were
outside the wide range of profes-
sionally competent assistance.  In
making that determination, **The Court
should keep in mind that Counsel's
function, as elaborated in prevail-
ing professional norms is to make
the adversarial testing process work
in the particular case."** Id. 466 U.S.
at 688-90, 104 S. Ct. at 2064-66.
(emphasis added) (citations omitted)

**Strickland,** also made it clear that Counsel's performance is

entitled to deferential judicial scrutiny and there is strong pre-

sumption that Counsel's handling the case falls within the wide range

of reasonable professional assistance.  The defendant must overcome

the presumption that  the challenged actions "might be considered

sound trial strategy." **466 U.S. at 689, 104 S. Ct. at 2065.** As to

"conscious" decisions: <u>See</u>, for example, **<u>Moore vs. Johnson</u>**, 194 F.

3rd 586, 610 (5th Cir. 1999) (holding that particular decision could not be labeled "Strategic") As to "reasonable informed" decisions: See, for example, **Williams vs. Taylor**, 529 U.S. 362, 395, 120 S. Ct. 1495, 146 L. Ed. 2nd 389 (2000) (noting that a decision based on legal misunderstanding was not animated by "Strategic Calculation"); **Kimmelman**, 477 U.S. at 368, 106 S. Ct. 2574; (noting that a decision based on ignorance of revelant facts and "mistaken belief" was not based on Strategic Considerations."); **Smith vs. Steward**, 184 F. 3rd 1004 1010 (9th Cir. 1999) (holding that an attorney's decision not to pursue certain evidence was not "Strategic." Where it was based on a lack of understanding of such evidence of the illegal arrest made by the Border Patrol Agents, because of her ignorance Counsel was ----- unable ------ to make any strategic decision and compare. **Crisp vs.Duckworth**, 743 F. 2nd 580, 587 (7th Cir. 1984) (contrasting an Attorney's general policy of how to defend a case with "Strategic decisions," which are "deci-sions based on the specific facts of a given case.") As noted, the Supreme Court has explained that strategic choices made after a thorough investigation of law and facts. Relevant to plausible options are virtually unchallengable." **Strickland**, 466 U.S. at 690-91, 104 S. Ct. 2052. Petitioner respectfully points out that in **Kimmelman vs. Morrison**, 477 U.S. 365 (1986),

> The United States Supreme Court held
> that, "A Habeas Petitioner could
> assert Counsel's ineffectiveness in
> failing to assert Fourth(4th) Amend-
> ment Claims even though such claims
> themselves are generally not viable
> based for Habeas relief under the

rule of **Stone vs. Powell**, 428 U.S.
**465 (1976)** to bar the Counsel
effectiveness claim in this case
is consistent with **Kimmelman**.

This Honorable Court might determine that an Evidentiary

Hearing is required.  Petitioner avers that he has satisfied the

requirements of **strickland's** two(2) prong test.  He maintains that

the record below is fully developed regarding his claim of Ineffective

Assistance of Counsel rendered the claim ripe for review and disposi-

tion.

## CONCLUSION

Petitioner respectfully request that this Honorable Court

find that Counsel rendered incompetent representation with respect

to Petitioner's Fourth(4th) Amendment issue and that the Trial

Counsel's conduct in failing to file a timely Suppression Motion

under the circumstances presented, fell below the level of reasonable

professional assistance and was thus constitutionally deficient, and

that the record is sufficient to permit a determination that Peti-

tioner was prejudiced in  the sense that there was a reasonable

probability that the  result of the proceedings would have been dif-

ferent absent Counsel's errors.

The only appropriate remedy for a violation of the Sixth(6th)

Amendment is to restore the Petitioner as much as possible to the

circumstances that would have existed had there been no constitutional

error.  Once a Sixth(6th) Amendment violation has been established,

such deprivation is subject to general rule that remedies should be

-24-

tailored to the injury suffered from the constitutional violation.

It is well settled that Pro Se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments they suggest. The allegations in Pro Se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers.

Further, Petitioner respectfully prays this Honorable court would vacate Petitioner's judgment of conviction and dismiss the indictment with prejudice. However, should this Honorable Court decline to so hold, Petitioner then prays for a remand to the District Court with an order that an Evidentiary Hearing be conducted. Petitioner is cognizant of the fact to prevail on his request for a Hearing, Petitioner must establish that he has a "Plausible" Claim of Ineffective Assistance of Counsel.

WHEREFORE, Petitioner  prays this Honorable Court in her wisdom would grant him a full and fair opportunity to have his claims adjudicated, that this Honorable Court would give his pleadings the broadest possible reading and grant the remedies required, that it will overlook Petitioner's inartistic manner, and that this Honorable Court would grant him all relief to which he may be entitled and all other relief that this Honorable Court may deem just and appropriate.

Respectfully Submitted,

*pedro Vega Sanchez*

01/09/03
Dated:

Mr. Pedro Sanchez Vega
Reg. No. 51417-079
F.C.I. Allenwood Medium
P. O. Box 2000/Unit-3B
White Deer, PA
17887-2000

-25-

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### Brownsville Division

PEDRO SANCHEZ VEGA,                    :
                                       :
                                       :
                                       :
            Petitioner,                :
                                       :
                                       :
    VS.                                :        Criminal No.:
                                       :        1: 01-CR-00239-001
                                       :
                                       :        Civil No.:
                                       :        CR-B-01-239
UNITED STATES OF AMERICA,              :
                                       :
                                       :
                                       :
            Respondent.                :

## CERTIFICATE OF SERVICE

I,                              do hereby certify that on this date, I have served a copy of the foregoing documents by placing the same in the United States Mail, first class, postage pre-paid at White Deer, Pennsylvania, 17887-2000, addressed to the following:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

PEDRO SANCHEZ VEGA,                :
                                   :
                                   :
                                   :
          Petitioner,              :
                                   :
                                   :
                                   :
     VS.                           :          Criminal No.:
                                   :          1: 01-CR-00239-001
                                   :
                                   :          Civil No.:
                                   :          CR-B-01-239
UNITED STATES OF AMERICA,          :
                                   :
                                   :
          Respondent.              :

## EXCUSABLE ERROR

Petitioner is a layman at law, therefore he relies upon excusable error pro se, pleading this Court will hold his motions to less stringent standards than formal pleadings drafted by lawyers, pursuant to Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 954 (1972), cited in Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173,176 (1980).

Dated: 01/09/03                              pedro Vega Sanchez

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

PEDRO SANCHEZ VEGA,                    :
                                       :
                                       :
            Petitioner,                :
                                       :
                                       :
      VS.                              :      Criminal No.:
                                       :      1: 01-CR-00239-001
                                       :
                                       :      Civil No.:
                                       :      CR-B-01-239
UNITED STATES OF AMERICA,              :
                                       :
                                       :
            Respondent.                :

## AFFIDAVIT OF VERIFICATION

Petitioner swears that the facts stated in all the documents of this motion and attachments are true to his knowledge, and that the facts stated on information and belief are true to the best of his knowledge and belief.

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."

Dated: _01/09/03_____        _pedro Vega Sanchez_

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

PEDRO SANCHEZ VEGA,                    :
                                       :
                                       :
                                       :
           Petitioner,                 :
                                       :
                                       :
                                       :
      VS.                              :        Criminal No.:
                                       :        1: 01-CR-00239-001
                                       :
                                       :        Civil No.:
                                       :        CR-B-01-239
UNITED STATES OF AMERICA,              :
                                       :
                                       :
                                       :
           Respondent.                 :

## CERTIFICATE OF SERVICE

    I,                              do hereby certify that on
this date, I have served an original and three (3) copies of the
foregoing documents by placing them in the United States Mail,
first class, postage pre-paid, at White Deer, Pennsylvania,
17887-2000, addressed to the following:

*pedro Vega Sanchez*

Dated: *01/09/03*