UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 17 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PEDRO SANCHEZ VEGA<br>Petitioner-Appellant | : : : : : | Criminal No. 1:-01-CR-00239-001<br>Civil No. 1: 02-CV-00211 #6 |
| V. | : : : : | |
| UNITED STATES OF AMERICA<br>Appellee-Respondent, | : : : : | Application for C.O.A. |

**APPLICATION FOR CERTIFICATE OF APPEALABILITY**
Under 28 USC §2253(c)(1)(b).

Petitioner-Appellant Pedro Sanchez Vega, Pro Se, hereby respectfully request that this honorable Court issue a Certificate of Appealability, pursuant to **28 U.S.C. §2253(c)(1)(b),** to enable Petitioner-Appellant to appeal the District Court's denial of his motion under **28 U.S.C.§2255,** further support for Petitioner-Appellant's as well as the issues for which Petitioner-Appellant seek certification are set forth in the following memorandum in support.

**ARGUMENT IN SUPPORT**

On July 27, 2001, Petitioner-Appellant entered a plea of guilty to a single count indictment charging him in violation of **8 U.S.C. §1326(a).** On October 05, 2001, Petitioner-Appellant was sentenced to fifty-seven (57) months of imprisonment. On October 28, 2002,

-1-

Petitioner-Appellant filed a motion for post-conviction relief under **28 U.S.C. §2255.** Petitioner-Appellant requested an evidentiary hearing and was none of them Petitioner-Appellant's ineffective assistance claims by counsel defaulting Petitioner-Appellant's Fourth (4th) Amendment, Fifth (5th) Amendment, Sixth (6th) Amendment, and Fourteenth (14th) Amendment.

Petitioner-Appellant appeals the District Court's denial of his **§2255** motion, arguing that the District Court err in not provide an evidentiary hearing to litigate Petitioner-Appellant issues.

## FOUNDATION FOR REQUEST

Petitioner-Appellant respectfully requests a Certificate of Appealability under **28 U.S.C. §2253(c)(1)(b),** by granting the Certificate of Appealability, this Honorable Court will permit Petitioner-Appellant to appeal the issues for which he seeks certification. As modified by the Antiterrorism and Effective Death Penalty Act (AEDPA), **28 U.S.C. §2253(c)(1)(b)** now requires a Certificate of Appealability for inmates in federal custody to appeal the denial of a **§2255** petition, granting a Certificate of Appealability will also further the intent of **28 U.S.C. §2253(a)** which directs that,

> [i]n a ....proceeding under section 2255 before
> a district judge, the final order **shall** be subject
> to review on appeal, by the Court of Appeals"
> (Emphasis added).

Although the Certificate of Appealability is newly imposed requirement on **§2255** applicants, the standard for a Certificate of

Appealability under the **AEDPA** is the same as that for a Certificate of Probable Cause under the pre-**AEDPA** statute, see, <u>**Lyons v. Ohio Adult Parole Authority**</u>, **105 F.rd 1063,1073 (6th Cir. 1997)**("[t]he AEDPA thus makes no change to the general showing required to obtain a certificate.")

Therefore, in order to obtain a certificate of appealability, Petitioner need only to make a "substantial showing of the denial of [a] federal right". In <u>**Barefoot v. Estelle**</u>, **463 U.S. 880,892,893 n.4 (1983)**, the Supreme Court stated that,

> "A Certificate of Problable Cause requires petitioner to make a substantial showing of denial of [a] federal right.....[by demonstrating] that the issues are debatable among jurists on reason; that the court **could** resolve the issues in a different manner; or that the questions are 'adequate encouragement to proceed further'. **463 U.S. at 892,893 n.4** (citations ommited)(emphasis added).

In order to make this showing, petitioner,

> "need not show that he should prevail on the merits... rather, he must demonstrate that the issues are debatable among jurist of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further". **Id. at 893 n.4** quoting <u>**Gordon v. Willis**</u>, **516 F. Supp. 911, 913 (N.D. Ga. 1980)**, quoting <u>**United States Ex Rel. Jones v. Richmond**</u>, **245 F.2d 234 (2nd Cir. 1957)**.

In other words, a petitioner must show that the courts could resolve the issues in a different manner, or that the issues he seeks to raise on appeal are adequate to proceed further. See, <u>**Sechrest v. Ignacio**</u>, **943 F. Supp. 1253,1257 (D. Nev.1996)**, citing <u>**Barefoot**</u>, **463 U.S. at 893 and n.4**. The issues raised by Petitioner-Appellant herein,

are issues debatable among reasonable jurists. Therefore, Petitioner-Appellant respectfully requests that this Honorable Court issue a Certificate of Appealability for the issues for which Petitioner-Appellant seeks certification.

Ordinarily, A COA may issue "only if the applicant has made a substantial showing of the denial of a Constitutional Right" 28 U.S.C. §2253(c)(2), Petitioner-Appellant has included issues that may be considered procedural issues. This Court has the power to consider such procedural rulings where they are predicates to consideration of a Constitutional Issue. See, **Nichols v. Bowersox**, 172 F.3d 1068,1070 n.2 (8th Cir. 1999)(en banc); cf. **Thomas v. Greiner**, 174 F.3d 260 (2nd Cir. 1999) (per curiam), see also, **Gaskins v. Duval**, 183 F.3d 8,9, n.1 (1st Cir. 1999).

Petitioner-Appellant maintains that he can make the required showing of the denial of a Constitutional Right and in support of his claims, he offers the following argument in support.

**ARGUMENT IN SUPPORT**

I. Petitioner-Appellant was denied effective assistance of counsel guaranteed by the Sixth (6th) Amendment, by counsel's defaulting, failure to litigate Petitioner's Fourth (4th) Amendment at the time of his arrest by the Border Patrol Agents, when there was a reasonable probability would have been suppressed because of the Fourth (4th) Amendment violation.

The following issue is one of the issues that may be considered Constitutional Issue. The arrest made by the Border Patrol Agents, was not a Border arrest, the arrest in the present case was conducted in the unfettered discretion of the members of the Border Patrol,

-4-

who did not have a warrant or a valid warrant for Petitioner-Appellant's arrest. The arrest thus embodied precisely the evil. Petitioner-Appellant was contacted by his State Probation Officer on May 22, 2001, to report to the Cameron County Texas, Probation Deparment, Petitioner-Appellant inquired if he was going to be arrested, to which the probation officer responded "he would not be arrested". Petitioner-Appellant, willing reported as instructed, he was then arrested by the border patrol agents without any valid warrant for his arrest, the border patrol used the State Probation Officer to arrest Petitioner-Appellant by fraud, trickery and deceit, the Border patrol agents violated their own rules and regulations to proceed with the regulations to proceed of **8 C.F.R.287 .8** and the Fourth (4th), Fifth (5th) and Fourteenth (14th) Constitutional Amendments.

## STANDARDS FOR ENFORCEMENT ACTIVITIES
## TWO (2) GENERAL PROCEEDURES

> II. A warrant for arrest **shall** be obtained when ever possible, **prior to arrest.**

Initially in Petitioner-Appellant's motion section §2255 he requested an evidentiary hearing so that the matter for his request for a conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, illegal arrest made by I.N.S. agents in violation of Constitutional Rights of the Fourth (4th) Amendment, violation of standards for enforcement activities **8 C.F.R. 287.8.** The critical issue is whether the District Court Err to held an evidentiary hearing pursuant to his **section 2255** motion.

Petitioner-Appellant deciding to err on the side of caution, has included the issue in his application for a Certificate of Appealability, cognizant also of the fact that this Court has the power to consider such preliminary rulings, where they are predicates to consideration of a Constitutional Issue as stated earlier, to err on the side of caution, Petitioner-Appellant seeks certification of this issue arguing that the District Court erred in not providing §2255 evidentiary hearing this is because "[I]t is the fact that an evidentiary hearing is to be held with all the resulting complexities involved in such a hearing-for example, the need to question and cross-examine witnesses.

> **(II) The district court final determination relevant to petitioner-appellant's Sixth Amendment claims of ineffective assistance, can not accurately be assessed based on the record developed at district court.**

The following issue is the second of the two issues that may be considered a procedural issue. Petitioner-Appellant has decided to err on the side of caution and include this issue in his application for a Certificate of Appealability, cognizant of the fact that this court has the power to consider such preliminary procedural rulings where they are predicates to consideration of a Constitutional issue.

Petitioner-Appellant seeks certification of this issue, arguing that is difficult if not impossible, to accurately assess the Court's ultimate determination regarding Petitioner-Appellant's Sixth Amendment claims of ineffective assistance, or whether the results of the proceeding would have been different.

Demonstrable errors by defense counsel are evident in this case, Sixth Amendment claims of ineffective assistance of counsel, if the overlooked legal claims were sufficiently likely to prevail had they been asserted. It is irrelevant whether the same claims could prevail a habeas court as well.

Defense counsel's decisions in the instant case could not be deemed conscious, reasonable informed, or decisions made with an eye to helping her client, as to "conscious" decisions <u>see</u> for example, **Moore v. Johnson**, 194 F.3d 586,610 (5th Cir. 1999)(holding that a particular decision could not be labeled "strategic" where, **inter alia**, the attorney had "no idea" why the decision had been taken); **Bean v. Calderson**, 163 F.3d 1073, 1079, (9th Cir. 1998)(noting that a decision can not be characterized as "strategic" where it was the result only of "confusion"; and **Lloyd v. Whitley**, 977 F.2d 149,158, n.22 (5th Cir. 1992)(distinguishing between "strategic judgment call" and "plain omission") (collecting cases); and compare **United States v. Gray**, 878 F.2d 702,712 (3rd Cir. 1989)(counsel behavior was not colorably based on tactical considerations but merely upon a lack of diligence.")

As "reasonable informed" decisions; <u>see</u>, for example, **Williams v. Taylor**, 529 U.S. 362,395, 126 S.Ct. 1495, 146 L.Ed. 2d 389 (2000) (noting that a decision based on a legal misunderstanding was not animated by "strategic calculation"); **Kimmelman v. Morrison**, 477 U.S. at 368, 106 S.Ct. 2574 (noting that a decision based on ignorance of relevant facts and "mistaken belief" was not based "strategic considerations"); **Smith v. Stewart**, 189 F.3d 1004,1010 (9th Cir. 1999) (holding that an attorney's decision not to pursue evidence was not strategic where, **inter alia**, it was based on a lack of understanding

-7-

of what constituted such evidence); and **Williams, 59 F.3d at 680** ([B]ecause of his ignorance, counsel was...unable....to make any strategic decision[]"); and compare, **Crisp v. Duckworth, 743 F.2d 580,587 (7th Cir. 1984)**(contrasting an attorney's "general polic[y]" of how to defend a case with "strategic decisions," which are "decisions based on the specific facts of a given case"). As noted, the Supreme Court has explained that "[s]trategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." **Strickland, 466 U.S. at 690, 91, 104 S.Ct. 2052;** see also, **post n.13** but "virtually unchallengeable does not mean **wholly** unchallengeable, see, **Phoenix v. Matesanz, 233 F.3d 77, 82 n.2 (1st Cir. 2000)**; and decisions that are not reasonable informed have emphatically not be "made after thorough investigation of law and facts."

As to decisions made with an eye to helping a client: see, for example, **Moore, 194 F.3d at 615** describing a "strategic decision as, inter alia, a decision "that....is expected....to yield some benefit or avoid some harm to the defense.") and **Nealy v. Cabana, 764 F.2d 1173,1178 (8th Cir. 1985)** (contrasting a "strategic[]" choice with an attorney's "abdicat[ing] his responsibility to advocate his client's cause.")

> III. The district court erred by considering the fact that petitioner-appellant had not advanced grounds for appeal when making a determination concerning whether counsel had competently discharged her constitutionally imposed duty to consult with petitioner-appellant, denied his right to appeal, stating that petitioner-appellant, that there was no grounds to appeal, encouraging not to appeal and tell petitioner to sign a waiver of appeal.

Petitioner-Appellant seeks certification of this issue, arguing that the district court erred, arguing that the district court erred in two respects, in arriving at its conclusion that petitioner-appellant was not denied his right to appeal because of counsel's ineffectiveness. First, the district court in based its conclusion in part, on the fact that, petitioner has no advanced grounds to appeal it was because counsel's advice, not to appeal.

Persons convicted in federal district courts have a right to direct appeal, **Coppedge v. United States**, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed. 2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, **Douglas v. California**, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in attorney's opinion, those issues are not meretorious, **Anders v. California**, 386 U.S. 327,329,330, 89 S.Ct. 1715,1717, 23 L.Ed. 2d 340 (1469).

In **Rodriguez v. United States**, 395 U.S. 327-330. The Supreme Court stated;

> "The [district court] seems to require an applicant under **28 USC §2255** to show more than simple deprivation of his right [the right to appeal] before relief can be accorded, it also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the [district court] would characterize any of the right to appeal as a species of harmless error, we can not subscribe this approach."

> "Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage of the proceedings.

Despite any likelihood that the appeal would be unsuccesful, there were in reality very few disadvantages to the filing of an appeal, as petitioner-appellant was indigent and there would therefore have been no financial burden on petitioner-appellant during that process.

The Supreme Court has held that, in order to satisfy the second prong of the **Strickland** inquiry, a defendant need not demonstrate the merits of specific grounds upon which he would have appealed, but instead need only demonstrate that "counsel's constitutionally deficient performance deprive[d] [him] of an appeal he otherwise would have taken." **Roe v. Flores-Ortega**, 528 U.S. 484, 120 S.Ct. 1029.

After **Strickland**, one circuit, the Ninth, held that the prejudice prong required a showing of a reasonable probability of success on the merits of the appeal, and not just the loss of the right to appeal itself, I.,E., **Rodriguez** was no longer viable **United States v. Popoola**, 881 F.2d 811 (9th Cir. 1989). The First, Eight and Tenth Circuits have held otherwise-the loss of the right to appeal is enough. **Estes v. United States**, 883 F.2d 645 (8th Cir. 1989); **Abels v. Kaiser**, 913 F.2d 821 (10th Cir. 1990); **United States v. Tajeddini**, 945 F.2d 458 (1st Cir. 1991), Cert. denied,-U.S.- 112 S.Ct. 3009, 120 L.Ed. 2d 883 (1992).

The Supreme Court nudged the Ninth Circuit into line in **Lozada v. Deeds**, 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed. 2d 956 (1991). In per curiam order, the court held that the Ninth Circuit had erred

when it followed the **Popoola** decision in refusing to issue a Certificate of Problable Cause to appeal. The court cited **Estes**, **Abels**, and, most tellingly, **Rodriguez**, on remand, the Ninth Circuit overrruled **Popoola** and its progeny and joined other circuits, **Lozada v. Deeds, 964 F.2d 956 (9th Cir. 1992).**

Secondly, the district court erred in arriving at its conclusion that petitioner-appellant was not denied his right to appeal because of counsel's ineffectiveness, finding that counsel had "consulted" with petitioner-appellant, within the meaning of **Flores-Ortega**, regarding a possible appeal. The district court based its conclusion on petitioner's counsel, by signing a waiver of appeal. Prior to his plea she consulted with petitioner, whether or not petitioner-appellant requested that counsel file an appeal does not end the inquiry. [C]ounsel has a constitutionally imposed duty to consult with defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonable demonstrated to counsel that he was interested in appealing." **Flores-Ortega**, 528 U.S. at 480.

How rational will a sentence of 57 months make a defendant? how can a counsel possibly "consult" with a defendant about waiving his appeal or to learn if he wishes to appeal a sentence that has yet to be imposed, or more impossible still, how can counsel "consult" with a defendant about a possible appeal of conviction or sentence, prior to his plea, "considering all of these circumstances, petitioner has not shown **either** that a **rational** defendant in his circumstances would want to appeal **or** that he had reasonable demonstrated that he was interested in appealing.

-11-

In <u>Stricckland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), the court announced its now-familiar general standard for evaluating ineffective assistance of counsel. A defendant is entitled to relief if his counsel's performance was deficient, that is, if it fell below the wide range of professionally competent assistance, and the defendant suffered prejudice from the deficient performance. By "prejudice", the court meant a "reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068. The <u>Strickland</u> test is not universal- there are some genres or denials of counsel from which prejudice is presumed, including "actual or constructive denial of the assistance of counsel altogether", Id. at 692, 104 S.Ct. at 2066, and the all-too-familiar spectacle of an attorney laboring under an actual conflict of interest, <u>Cuyler v. Sullivan</u>, 466 U.S. 335, 100 S.Ct. 1708, 64 L.Ed. 2d 233 (1980); <u>Hoffman v. Leeke</u>, 903 F.2d 280, 287 (4th Cir. 1990).

That being the case, the court stated, in order to satisfy the second prong of the <u>Strickland</u> inquiry, a defendant need not to demonstrate the merits of the specific grounds upon which he would have appealed, but instead need only demonstrate that "counsel's constitutionally deficient performance deprive[d] [him] of an appeal he otherwise would have taken." Id. at 484, 120 S.Ct. 1029.

Reconciling <u>Strickland</u> and <u>Rodriguez</u> requires a focus on the particular depravation of counsel alleged. <u>Strickland</u> is concerned with attorney performance in the course of representation, but its own text, it does not apply to deprivations of counsel altogether,

which violate the Sixth Amendment without the need for even the most elementary judicial interpretation. No one would seriously contend that a defendant need not to have an attorney at trial if there is not "reasonable probability" that an attorney could win an acquittal. There is no reason to apply a different rule on direct appeal, where the defendant has the same absolute right to counsel he enjoys before conviction, however effective or ineffective petitioner-appellant's counsel was before the judgment of conviction, her failure to file an appeal and her failure to consult and encourage petitioner-appellant to sign a waiver of appeal deprived petitioner-appellant of the assistance of counsel on direct appeal altogether.

The Fourth Circuit Court of Appeals touched on this issue in **Becton v. Barnett**, 920 F.2d 1190 (4th Cir. 1990). In remanding a dismissed ineffectiveness claims based, in part, on a failure to file a notice of appeal, that honorable court held:

> "The effect on counsel's failure to appeal was that Becton lost his ability to protect his "vital interest at stake." See, **Evitts [v. Lucey]**, 469 U.S. [387] at 396, 105 S.Ct. at 836 (1985), he was unable to attempt to demonstrate that his conviction was unlawful through the appellate process. See Id. For whatever reason, Becton's appeal not filed, as a result, Becton might well have been prejudiced by his counsel's ineffective assistance, therefore, Becton has presented a colorable claim of ineffectiveness based on counsel's failure to appeal". 920 F.2d 1195.

In Becton there was a potential factual dispute as to whether the petitioner had actually requested his attorney to file the notice of appeal. Hence, the Fourth Circuit remanded for an evidentiary hearing.

The Fourth Circuit Court of Appeals, in **U.S. v. Peak**, 992 F.2d 39 (4th Cir. 1993), held that,

> "If Becton left any doubt as to showing required of petitioners raising this type of claim, we dispel it today; we joint those circuits that hold that a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability to succeed. **Id. at 42.**

Petitioner-appellant has imagined a number of questions a learned attorney at particularly regarding counsel's claim to waive the appeal she had consulted with petitioner-appellant "**prior to his plea**", but petitioner-appellant's imaginings are only speculations at best and this decision should not be based on speculation.

> **IV.** The district court erred by considering the fact that petitioner-appellant have not have filed a timely motion **28 U.S.C.§2255.**

The sole purpose of **28 U.S.C. §2255** which provides that a prisoner incustody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate or set aside the sentence, on the grounds that the sentence was imposed in violation of the constitution or the laws of the United States, that the court was without jurisdiction to impose the sentence, federal habeas corpus relief for constitutional claims asserted by federal prisoners is not limited by the rule that the writ is not designed for collateral review of the trial court's errors of law in trial proceedure. The pertinent provisions of **28 U.S.C. §2255** are;

"A prisoner in custody under sentence of a court established by the act of congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, may move the court to which imposed the sentence to vacate, set aside or correct the sentence."

"**A motion for such relief may be made at any time**"
Id. at <u>Kaufman v. United States</u>, 22 L.Ed. 2d 233 n.1 394 U.S. 217.

Federal courts have power under the federal habeas statute, to grant relief despite petitioner-appellant counsel's failure to litigate petitioner-appellant's Fourth (4th) Amendment, petitioner-appellant cannot under the circumstances be deemed an intelligent and understanding as to justify the withholding of federal habeas corpus relief.

## CONCLUSION

**WHEREFORE,** petitioner-appellant respectfully requests that this honorable court would issue a Certificate of Appealability, certifying each of the Four (4) issues petitioner-appellant has specified in his application. Further, petitioner-appellant prays this honorable court would grant him a full and fair opportunity to have his claims adjudicated by issuing the requested certificate, that this honorable court would give his pleadings the broadest possible reading and grant the relief requested, that the court will overlook petitioner-appellant's inartistic manner, and that this honorable court would find that he has made substantial showing of the denial of a constitutional right by demonstrating that the issues are debatable among jurists of

-15-

of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Dated: 3/8/03

Respectfully Submitted,

*pedro Vega Sanchez*
Pedro Sanchez Vega
51417-079 Unit 3-B
F.C.I. Allenwood Med.
P.O. Box 2000
White Deer, PA. 17887-2000

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO SANCHEZ-VEGA | : | Criminal No. 1:-01-CR-00239-001 |
| Petitioner-Appellant, | : | Civil Action No. 1:02-CV-00211 #6 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNITED STATES OF AMERICA | : | Application for C.O.A. |
| Appellee-Respondent, | : | |

## CERTIFICATE OF SERVICE

I, **PEDRO SANCHEZ VEGA**, do hereby certify that on this date, I have served a copy of the foregoing documents by placing the same in the United States Mail, first class, postage pre-paid at White Deer, Pennsylvania, 17887-2000, addressed to the following:

Assistant U.S. Attorney
E. Michael Rodriguez
Office Of The U.S. Attorney
U.S. Fedreal Building Suite 201
600 East Harrison Avenue
Brownsville, Texas 78520-7155

*Pedro Vega Sanchez*
Pedro sanchez Vega

Dated: 3/8/03

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO SANCHEZ-VEGA | : | Criminal No. 1:-01-CR-00239-001 |
| Petitioner-Appellant, | : | Civil Action No. 1:02-CV-00211 #6 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNITED STATES OF AMERICA | : | Application for C.O.A. |
| Appellee-Respondent, | : | |

## EXCUSABLE ERROR

Petitioner is a layman at law, therefore he relies upon excusable error pro se, pleading this Court will hold his motions to less stringent standards than formal pleadings drafted by lawyers, pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 954 (1972), cited in <u>Hughes v. Rowe</u>, 449 U.S. 5, 101 S.Ct. 173,176 (1980).

Dated: 3/8/03

_pedro Vega Sanchez_
**Pedro Sanchez Vega**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO SANCHEZ-VEGA | : | Criminal No. 1:-01-CR-00239-001 |
| Petitioner-Appellant, | : | Civil Action No. 1:02-CV-00211 #6 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNITED STATES OF AMERICA | : | Application for C.O.A. |
| Appellee-Respondent, | : | |

## AFFIDAVIT OF VERIFICATION

Petitioner swears that the facts stated in all the documents of this motion and attachments are true to his knowledge, and that the facts stated on information and belief are true to the best of his knowledge and belief.

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."

Dated: 3/8/03

*Pedro Vega Sanchez*
/Pedro Sanchez Vega