IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

MAR 2 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

PEDRO SANCHEZ-VEGA, §
    Petitioner, §
  §
VS. §
  §  CIVIL ACTION NO. B-02-211
UNITED STATES OF AMERICA, §
    Respondent. §

### ORDER

Petitioner Pedro Sanchez-Vega ("Sanchez") has filed an Application to Proceed In Forma Pauperis (Docket No. 8) pursuant to 28 U.S.C. §1915 along with an Application for Certificate of Appealability ("COA") (Docket No. 7) pursuant to 28 U.S.C. §2253. The COA is filed in response to the district court's dismissal (Docket No. 6) of Sanchez's Motion to Vacate or Set Aside Sentence (Docket No.1) pursuant to 28 U.S.C. §2255.

**I. Application to Proceed In Forma Pauperis**

Under 28 U.S.C. §1915, "...any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

Specifically, subsection (a)(2) requires that a "prisoner" seeking to bring a civil action or appeal a judgment in a civil action without prepayment of fees, submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the

appropriate official of each prison at which the prisoner is or was confined.

However, even if the above procedural requirement has been met, an appeal may not be taken in forma pauperis if the trial court finds that it was not taken in good faith. A party demonstrates good faith when seeking review of an issue that is not frivolous. This determination necessitates an inquiry into the merits of the appeal, but does not require that probable success be demonstrated; the inquiry is limited to whether the appeal involves legal points arguable on their merits and are therefore not frivolous. *Jones v. Frank*, 622 F.Supp. 1119 (W.D. Tex. 1985).

In addition, 28 U.S.C. § 1915A, a mechanism by which the court is to screen prisoners' civil actions, mandates that the court dismiss the action if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" embraces not only inarguable legal conclusions, but also fanciful factual allegations. *Id.* A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986).

In this case Sanchez failed to provide a certified copy of the trust fund account statement (or institutional equivalent) for the preceding 6 month period as required by subsection (a)(2). In addition to this procedural defect, Sanchez's claim appears to be frivolous, lacking an arguable basis in law or fact, and not taken in good faith as demonstrated in the analysis below.

## II. Certificate of Appealability

In order to properly appeal the district court's order, the Antiterrorism and Effective Death Penalty Act of 1996[1] (AEDPA) requires that the petitioner obtain a COA. A court may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998).

This Court will consider the arguments Sanchez presented in his §2255 motion to determine whether a COA should issue in this case.

### A. Motion Pursuant to §2255 Untimely

The district court dismissed Sanchez's §2255 motion as untimely, among other reasons. Sanchez's conviction became final on October 22, 2001[2] and the period of limitations expired on October 22, 2002. Sanchez filed his untimely motion on October 28, 2002. The district court properly dismissed the motion as it was without jurisdiction.

### B. Illegal Arrest

Sanchez argues that Border Patrol agents arrested him without a warrant while he was attempting to attend an appointment with his parole officer, thus violating his Fourth Amendment rights. Sanchez fails to make any type of legal argument to demonstrate that

---

[1] Pub.L. 104-132, Title I, §105, 110 Stat. 1220.

[2] Judgment was entered on October 12, 2001, and became final 10 days later on October 22, 2001, when the time for appeal had expired.

3

conduct of the agents violated his constitutional rights.

Sanchez was questioned by the agents and responded by admitting his status as an illegal alien. Sanchez was detained without warrant, then brought before a Magistrate for a probable cause hearing within twenty-four hours. There was nothing about the agents conduct indicating they were not in compliance with federal regulations or the Constitution. Sanchez's only contention is that the arrest was illegal because it was made without a warrant at a location other than the border which was tricky and deceitful.

As Sanchez did not raise his illegal arrest arguments on appeal, he was required to demonstrate the requisite cause[3] and prejudice[4] for failing to do so. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). As Sanchez was unable to overcome this burden, the court was without jurisdiction to hear his §2255 motion on this claim, despite the fact it has no underlying merit.

### C. Ineffective Assistance of Counsel Claim

An ineffective assistance of counsel claim automatically satisfies the cause and prejudice standard. *See United States v. Patten*, 40 F.3d 774, 776 (5th Cir.1994) (per curiam), cert. denied, 515 U.S. 1132, 115 S.Ct. 2558, 132 L.Ed.2d 811 (1995).

In his §2255 motion, Sanchez claimed that he received ineffective assistance of counsel because his attorney: 1) failed to appeal his case, 2) failed to object to the criminal history score

---

[3] The cause standard requires a showing that some objective factor external to the defense prevented the defendant from raising on direct appeal the claim advanced in the §2255 proceeding. *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996).

[4] To establish the requisite degree of prejudice, the defendant must demonstrate that any alleged error resulted in an actual and substantial disadvantage that infected his criminal proceedings with error of constitutional dimensions. *United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1992) (en banc).

and 3) failed to object to his illegal arrest. In order to prevail, Sanchez would have to show that each of the above allegations meets the two part test set forth in *Strickland v. Washington*, 466 U.S. 668, 686 104 S.Ct. 2052, 2064 (1984), by demonstrating that counsel's performance fell below on objective standard of reasonableness and that but for such unprofessional errors, the outcome would have been different.

### 1. Failure to Appeal

Sanchez claims that the discussions with his attorney concerning appeal did not constitute a real consultation because he had not yet appreciated the reality and gravity of his sentence. As such, he was unable to make a rational and learned decision about his right to appeal at that time. The record shows Sanchez filed a waiver of appeal. An affidavit from Sanchez's counsel indicates that after consultation, he voluntarily chose not to appeal. Sanchez's retrospection argument does not demonstrate a constitutional violation, nor that his attorney acted unreasonably.

### 2. Criminal History Score

Sanchez argues that his sentence should not have been enhanced based on his conviction for jumping bond because it was not an aggravated felony. Under the aggravated felony definition in 8 U.S.C. §1101 (a)(43) (T)[5], Sanchez is plainly wrong. Sanchez also argues that he was assessed criminal history points for a conviction over 15 years old and a conviction while he was juvenile. This is simply incorrect and these convictions were not taken into consideration in guideline calculation. As such, there was nothing for counsel to object to.

---

[5] An offense relating to failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed.

### 3. Illegal Arrest

As discussed above, there was no illegal arrest. Therefore, Sanchez's attorney had no reason to object to the arrest or submit a motion to suppress his admission.

## III. Conclusion

In support of the COA, Sanchez merely reiterates two of the same claims that appear in his §2255 motion without offering any new arguments or evidence. Sanchez does not present any coherent or legally recognizable arguments in his appeal, which has not been taken in good faith. The fact that the §2255 motion was properly dismissed as time barred independently determines that the COA should not issue. In addition, Sanchez has been unable to make a substantial showing that his constitutional rights were violated either under the Fourth or Sixth Amendments.

IT IS **ORDERED** that Sanchez's Application to Proceed In Forma Pauperis and Application for Certificate of Appealability be **DENIED**.

DONE in Brownsville, Texas, on this 27th day of March, 2003.

Filemon B. Vela
United States District Court Judge